UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JOHN ALLEN ROBERTSON,

    Petitioner,

v.

BRAD CAIN,

    Respondent.

Case No. 2:17-cv-01772-AA

OPINION AND ORDER

AIKEN, District Judge:

Petitioner brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging trial court error and ineffective assistance of trial counsel. Respondent argues that the petition is untimely and petitioner's claims are barred by the statute of limitations. I agree and dismiss the petition.

## BACKGROUND

In April 2003, after trial by jury, petitioner was convicted of two counts of Burglary in the First Degree, two counts of Rape in the First Degree, three counts of Unlawful Sexual Penetration in the First Degree, one count of Sexual Abuse in the First Degree, and one count of

Fleeing or Attempting to Elude Police with a Vehicle. Resp't Ex. 101. Petitioner was sentenced to consecutive and concurrent terms of imprisonment totaling 415 months. *Id.*

On direct appeal, the Oregon Court of Appeals vacated the sentences on one ground, remanded the case for resentencing, and affirmed in all other respects. *State v. Robertson*, 203 Or. App. 18, 125 P.3d 20 (2005); Resp't Exs. 103-105. Petitioner and the State both sought review from the Oregon Supreme Court; the Court granted the State's petition for review and denied petitioner's. Resp't Exs. 106-110. The Court vacated the decision of the Court of Appeals and remanded the case for reconsideration. Resp't Ex. 112.

On remand, the Court of Appeals declined to exercise discretion to correct the sentencing error and affirmed petitioner's original sentence. *State v. Robertson*, 227 Or. App. 270, 205 P.3d 78 (2009); Resp't Ex. 115. On May 21, 2009, the appellate judgment issued.[1] Resp't Ex. 116.

On June 15, 2009, petitioner signed a state petition for post-conviction relief (PCR). Pet'r Ex. 1 (ECF No. 21-1); Resp't Reply at 2 & n.2 (ECF No. 26). Petitioner subsequently moved to voluntarily dismiss his PCR petition, and the judgment of dismissal was entered on April 22, 2010. Pet'r Ex. 1.

On October 19, 2010, petitioner signed a second PCR petition and the case proceeded to a bench trial. Resp't Exs. 119, 138 at 20-86. The PCR court denied relief, the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Resp't Exs. 139, 143-44. On November 9, 2016, the PCR appellate judgment issued. Resp't Ex. 144.

On November 2, 2017, petitioner filed his federal petition for writ of habeas corpus alleging numerous claims of trial court error and ineffective assistance of counsel.

---

[1] Petitioner subsequently filed an untimely petition for review and a motion to recall the appellate judgment. The Oregon Supreme Court denied the motion and dismissed the petition on July 29, 2009. Resp't Exs. 117-18.

Page 2   - OPINION AND ORDER

## DISCUSSION

Respondent argues that the petition is untimely and barred by the relevant one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(l)(A) (a petitioner must file a federal habeas petition within one year after the relevant conviction becomes final).

The statute of limitations in this case began to run on May 21, 2009, the day final appellate judgment was entered on petitioner's direct appeal. The limitations period ran for 25 days until June 15, 2009, when petitioner signed his first state PCR petition. *Id.* § 2244(d)(2) (the limitations period is tolled during the time in which a "properly filed" application for state post-conviction relief is "pending"); *see* Pet'r Ex. 1; Resp't Reply at 2. After petitioner's first PCR petition was dismissed on April 22, 2010, the limitations period ran for an additional 180 days until October 19, 2010, when petitioner signed his second PCR petition. An additional 358 days ran between November 9, 2016, when the PCR final judgment issued, and November 2, 2017, when petitioner filed his federal petition. In total, 563 days elapsed, exceeding the one-year statute of limitations.

Petitioner does not dispute the untimeliness of his petition but argues that equitable tolling applies. Petitioner is entitled to equitable tolling "only if extraordinary circumstances beyond" petitioner's control made "it impossible to file a petition on time." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (citation omitted); *see also Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that § 2244 is subject to equitable tolling). Specifically, petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A petitioner who fails to file a timely petition due to his own lack of diligence is not entitled to equitable tolling. *Id.* Consequently, equitable

Page 3 - OPINION AND ORDER

tolling is "unavailable in most cases," as the threshold for its application is "very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citations omitted).

Petitioner argues that his PCR trial counsel left Oregon and took his file with her, constituting "extraordinary circumstances" that caused his untimely filing. However, petitioner submits no evidence to support this assertion and fails to explain how counsel's conduct precluded a timely federal habeas petition. As noted by respondent, different PCR counsel appealed the PCR judgment on his behalf and apparently possessed the materials needed to do so. Resp't Exs. 140, 142. Petitioner does not explain whether he contacted any of his PCR attorneys or sought information from them at any time. Accordingly, petitioner fails to establish that extraordinary circumstances prevented him from filing his habeas petition within the statute of limitations.

Even if petitioner could establish that PCR trial counsel's conduct constituted extraordinary circumstances, petitioner fails to establish that he pursued his rights diligently. After judgment was entered on petitioner's first PCR petition in April 2010, petitioner waited six months before filing his second PCR petition. Similarly, after judgment was entered on his second PCR petition in November 2016, petitioner waited almost one year before filing his federal petition. Therefore, petitioner does not show that he pursued his rights diligently, and he is not entitled to equitable tolling.

Petitioner also claims that he is actually innocent and seeks an evidentiary hearing to present testimony in support of this claim. *See McQuiggin v. Perkins*, 569 U.S. 383, 397-98 (2013) (the one-year limitations period under § 2244(d)(1)(D) does not preclude a district court from "entertaining an untimely first federal habeas petition raising a convincing claim of actual

Page 4 - OPINION AND ORDER

innocence"). To support an actual-innocence exception to the statute of limitations, "a petitioner 'must show that is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 399 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Again, petitioner presents no evidence to support his actual-innocence claim, and he does not explain how his testimony would show it "is more likely than not" that no reasonable juror would have convicted him. Therefore, I decline the request for an evidentiary hearing and reject petitioner's claim of actual innocence.

## CONCLUSION

The Petition for Writ of Habeas Corpus (ECF No. 2) is DENIED as untimely and this case is DISMISSED with prejudice. A Certificate of Appealability is denied on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

DATED this 28 day of August, 2018.

Ann Aiken
United States District Judge

Page 5   - OPINION AND ORDER